UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| INGERSOLL-RAND COMPANY,<br><br>                Plaintiff,<br><br>v.<br><br>CENTURY INDEMNITY COMPANY<br>(as successor to CCI Insurance Company,<br>successor to Insurance Company of North<br>America)<br><br>                Defendant. | Civil Action No.<br>   07-CV-4825 (LTS) |

## AFFIDAVIT OF MALCOLM L. MYERS

I, Malcolm L. Myers, state as follows:

1.  I submit this Affidavit in support of the motion to dismiss filed by Century Indemnity Company, as successor to CCI Insurance, as successor to Insurance Company of North America ("Century").

2.  Century is, and at all times relevant to this action was, a corporation organized under the laws of Pennsylvania, with its principal place of business in Philadelphia, Pennsylvania.

3.  I am a Vice President at Resolute Management, Inc.

4. I am, and at all times relevant to this action have been, responsible for responding to claims for coverage by Ingersoll-Rand Company ("Ingersoll-Rand") for underlying asbestos claims made under Century excess liability Policies No. XBC 1904 and No. XBC 42188 (collectively, the "Century Policies").

5. In 2003, I participated in a series of negotiations aimed at reaching a resolution of these coverage claims. None of those negotiations took place in New York.

6. In or around November 2003, Century and Ingersoll-Rand met in Hamburg, New Jersey, where an agreement was reached ("2003 Settlement Agreement").

7. Since that time, Century has been reimbursing Ingersoll-Rand for its defense costs and indemnity payments in accordance with, and in express reliance upon, the terms of the 2003 Settlement Agreement. Those reimbursements exceed $25 million.

8. All payments sent in accordance with, and in express reliance upon, the terms of the 2003 Settlement Agreement have been sent to Ingersoll-Rand in New Jersey.

9. At the time that Century filed its New Jersey Action against Ingersoll-Rand, Century did not have specific knowledge that Ingersoll-Rand intended to file suit against Century, nor did Century have specific

knowledge that Ingersoll-Rand would choose to file suit in New York, rather than in Ingersoll-Rand's home county of Bergen County, New Jersey.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 7th day of June, 2007.

*[signature]*
Malcolm L. Myers