LOWENSTEIN, SANDLER, KOHL,
   FISHER & BOYLAN
A Professional Corporation
65 Livingston Avenue
Roseland, New Jersey  07068
(201) 992-8700
Attorneys for Plaintiff

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION:  BERGEN COUNTY
DOCKET NO. L-37911-89

INGERSOLL-RAND COMPANY,
a New Jersey corporation,

      Plaintiff,

  v.

COMMERCIAL UNION INSURANCE COMPANY,
as sucessor in interest to EMPLOYERS
LIABILITY ASSURANCE CORPORATION;
CENTRAL NATIONAL INSURANCE COMPANY OF
OMAHA; EMPLOYERS INSURANCE OF WAUSAU;
HARTFORD INSURANCE COMPANY and
HARTFORD ACCIDENT AND INDEMNITY;
HOME INSURANCE COMPANY;
INSURANCE COMPANY OF NORTH AMERICA;
LIBERTY MUTUAL INSURANCE COMPANY;
ALLSTATE INSURANCE COMPANY, as
successor in interest to NORTHBROOK
EXCESS & SURPLUS INSURANCE COMPANY;
NORTHWESTERN NATIONAL INSURANCE COMPANY;
GENERAL REINSURANCE CORPORATION;
CONTINENTAL CASUALTY COMPANY and the
LLOYDS COMPANIES and certain of its
Underwriters, individuals and
associations.

      Defendants.

THIRD AMENDED
COMPLAINT AND
JURY DEMAND

Plaintiff, Ingersoll-Rand Company (hereinafter referred to as "Ingersoll"), by its attorneys, Lowenstein, Sandler, Kohl, Fisher & Boylan complaining of defendants, alleges as follows:

011091IR14

## THE PARTIES

1. Plaintiff Ingersoll is a corporation organized and existing under the laws of the State of New Jersey, with its corporate headquarters located in Woodcliff Lakes, New Jersey.

2. Upon information and belief, defendant Commercial Union Insurance Company, as successor in interest to Employers Liability Assurance Corporation (hereinafter referred to as "Commercial Union") is a corporation organized and existing under the laws of the State of Massachusetts, with its principal place of business in Boston, Massachusetts. Commercial Union is licensed to do business in New Jersey.

3. Upon information and belief, defendant Central National Insurance Company of Omaha (hereinfter refered to as "Central National") is a corporation organized and existing under the laws of the State of Nebraska, with its principal place of business in Omaha, Nebraska. Central National is licensed to do business in New Jersey.

4. Upon information and belief, defendant Hartford Insurance Company and Hartford Accident & Indemnity (hereinafter referred to as "Hartford") is a corporation organized and existing under the laws of the State of Connecticut, with its principal place of business in Hartford, Connecticut. Hartford is licensed to do business in New Jersey.

5. Upon information and belief, defendant Home Insurance Company (hereinafter referred to as "Home") is a corporation organized and existing under the laws of the State

of New Hampshire, with its principal place of business in New York, New York. Home is licensed to do business in New Jersey.

6. Upon information and belief, defendant Insurance Company of North America (hereainfter referred to as "INA") is a corporation organized and existing under the laws of the State of Pennsylvania, with its principal place of business in Philadelphia, Pennsylvania. INA is licensed to do business in New Jersey.

7. Upon information and belief, Liberty Mutual Insurance Company (hereainfter referred to as "Liberty Mutual") is a corporation organized and existing under the laws of the State of Massachusetts, with its principal place of business in Boston, Massachusetts. Liberty Mutual is licensed to do business in New Jersey.

8. Upon information and belief, defendant Allstate Insurance Company as successor in interest to Northbrook Excess & Surplus Insurance Company (hereainfter referred to as "Allstate") is a corporation organized and existing under the laws of the State of Illinois, with its principal place of business in Northbrook, Illinois. Allstate is licensed to do business in New Jersey.

9. Upon information and belief, defendant Northwestern National Insurance Company (hereainfter referred to as "Northwestern") is a corporation organized and existing under the laws of the State of Wisconsin, with its principal

place of business in Milwaukee, Wisconsin. Northwestern is licensed to do business in New Jersey.

10. Upon information and belief, defendant General Reinsurance Corporation (hereainfter referred to as "General Reinsurance") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Stamford, Connecticut. General Reinsurance is licensed to do business in New Jersey.

11. Upon information and belief, Continental Casualty Company (hereinafter referred to as "Continental") is a corporation organized and existing under the laws of the State of Illinois, with its principal place of business in Chicago, Illinois. Continental is licensed to do business in New Jersey.

12. Upon information and belief, the Lloyds Companies and certain of its underwriters, individuals and associations have conducted business, including writing insurance coverage in New Jersey.

## VENUE

13. Defendants or their predecessors and successors are and, at all times relevant hereto, were engaged, _inter alia_, in the business of writing primary comprehensive general liability insurance policies and excess comprehensive general liability insurance policies. Venue in Bergen County is proper because (a) Ingersoll's principal place of business is located there and (b) some or all of the defendants are or were doing business in Bergen County.

## NATURE OF ACTION

14. This is an action for a declaratory judgment adjudicating the respective rights, duties, and obligations of the parties under the various insurance policies sold by the defendants to plaintiff, and for damages due plaintiff from the breach of those contracts by defendants.

## BACKGROUND OF CLAIMS

15. For the years set forth in Exhibit A hereto, defendants sold Ingersoll various primary comprehensive general liability insurance policies and/or product liability insurance policies.

16. For the years set forth in Exhibit B hereto, defendants sold Ingersoll various excess comprehensive general liability insurance policies.

17. Ingersoll expended substantial premiums to purchase the aforesaid insurance policies. Ingersoll has complied with all applicable conditions precedent under those policies.

18. Ingersoll manufactured a number of products which contain a small percentage of asbestos fiber.

19. Ingersoll has been named as defendant in over 1,000 judicial actions in which it is alleged that Ingersoll's products may be responsible for bodily injury resulting from the inhalation of asbestos fibers manufactured by Ingersoll.

LOWENSTEIN, SANDLER,
KOHL, FISHER
& BOYLAN
A PROFESSIONAL CORPORATION
COUNSELLORS AT LAW
65 LIVINGSTON AVENUE
ROSELAND, N.J. 07068-1791
(201) 992-8700

20. Ingersoll has expended, and continues to expend, substantial sums in connection with the defense of the aforementioned claims for bodily injury.

21. The allegations asserted against Ingersoll in those actions, the damages claimed therein, and all sums expended to date by Ingersoll in connection with those claims are within the coverages of the insurance policies defendants sold and issued to Ingersoll. Defendants are therefore obligated to pay, in full, the costs and expenses of the defense of those actions, and to indemnify Ingersoll in full for liability arising from those actions by way of settlement or adjudication.

22. As a result, an actual and justiciable controversy exists between plaintiff and defendants as to their obligation to defend and to pay for the defense costs in those actions, and other similar actions to be filed in the future against Ingersoll.

### FIRST COUNT

23. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 20 as if set forth at length herein.

24. In several of the actions against Ingersoll, the claimants allege that bodily injury occurred, or could have occurred, during the time that defendants sold and issued the liability insurance policies to Ingersoll.

25. Defendants are obligated under their liability insurance policies to defend Ingersoll fully and to pay for the costs of such defense in such bodily injury actions against Ingersoll

26. Defendants have failed to honor their defense obligations or have disputed and will dispute, their obligations to defend and to pay the defense costs of Ingersoll in those actions.

27. As a result of the foregoing, an actual and justiciable controversy exists between plaintiff and defendants as to their obligation to defend and to pay for the costs of the defense in the bodily injury actions against Ingersoll, without charging those costs to Ingersoll.

### SECOND COUNT

28. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 25 as if set forth at length herein.

29. The insurance policies sold by defendants to Ingersoll provide it with insurance coverage against liability arising from bodily injury, including the bodily injury actions filed against Ingersoll.

30. Defendants have failed to accept their complete obligation to pay in full the legal liabilities of Ingersoll in those bodily injury actions filed against Ingersoll or have disputed and will dispute, their obligations to do so.

LOWENSTEIN, SANDLER,
KOHL, FISHER
& BOYLAN
PROFESSIONAL CORPORATION
COUNSELLORS AT LAW
65 LIVINGSTON AVENUE
ROSELAND N.J. 07068-1791
(201)992-8700

31. Defendants are obligated under their primary and excess liability insurance policies to pay the legal liabilities of Ingersoll for all of the bodily injury actions. Defendants' obligations to Ingersoll encompass all theories of legal liability that may impose damages upon Ingersoll.

32. As a result of the foregoing, an actual and justiciable controversy exists between plaintiff and defendants as to their obligations to pay the legal liabilities of Ingersoll in the bodily injury actions against Ingersoll.

### THIRD COUNT

33. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 30 as if set forth at length herein.

34. Plaintiff also is entitled to ancillary relief, including its attorneys' fees and other legal expenses in this case.

WHEREFORE, plaintiff requests judgment as follows:

I. On the First Count for relief against all defendants, that this Court determine and declare:

a. That defendants are obligated under their primary and excess liability insurance policies to defend Ingersoll and to pay for the costs of such defense in the bodily injury actions, without charging such costs back to Ingersoll;

b. That Ingersoll is entitled to designate the policy periods that shall be called upon in the first instance to provide such defense and payment.

LOWENSTEIN, SANDLER,
KOHL, FISHER
& BOYLAN
A PROFESSIONAL CORPORATION
COUNSELLORS AT LAW
65 LIVINGSTON AVENUE
ROSELAND, N.J. 07068-1791

II.  On the Second Count for relief against all defendants, that this Court determine and declare:

 a.  That defendants are obligated under the primary and excess liability insurance policies to pay all sums that Ingersoll becomes legally obligated to pay as a result of the bodily injury actions; and

 b.  That Ingersoll is entitled to designate the policy periods that shall be called upon in the first instance to provide such payment.

III.  On the Third Count for relief against all defendants, for plaintiff's reasonable attorneys' fees and the costs, interest, and expenses of this suit, and for such other and further relief as this Court deems just and proper.

      LOWENSTEIN, SANDLER, KOHL,
       FISHER & BOYLAN
      A Professional Corporation
      Attorneys for Plaintiff

      By: /s/ David L. Harris
        David L. Harris

Dated: January 11, 1991

## JURY DEMAND

Plaintiff hereby demands trial by jury as to all issues so triable.

                                    LOWENSTEIN, SANDLER, KOHL,
                                      FISHER & BOYLAN
                                  A Professional Corporation
                                  Attorneys for Plaintiff

                                  By: *David L. Harris* (signature)
                                       David L. Harris

Dated: January 11, 1991

LOWENSTEIN, SANDLER,
KOHL, FISHER
& BOYLAN
PROFESSIONAL CORPORATION
COUNSELLORS AT LAW
LIVINGSTON AVENUE
ROSELAND, N.J.

## RULE 4:5-1 CERTIFICATION

The undersigned hereby certifies that the matter in controversy is not the subject of any other action pending in any court or any arbitration proceeding, nor is any such action or proceeding contemplated. Plaintiff has, however, initiated another lawsuit in the Superior Court of New Jersey, Bergen County, Law Division, for similar relief with respect to environmental claims against Ingersoll.

Further, the undersigned knows of no other persons who should be joined as parties to this action, except that certain policies of insurance have not as yet been located and/or completely identified and may require additional parties and/or claims in this action.

*David L. Harris*
David L. Harris

Dated: January 11, 1991

# EXHIBIT A

## Comprehensive General Liability Policies for Ingersoll

| TERM | CARRIER | POLICY # |
|---|---|---|
| 3/28/61 to 1/1/63 | Commercial Union | CL3347300 |
| 1/1/63 to 1/1/64 | Commercial Union | CLE169011013 |
| 1/1/64 to 1/1/65 | Commercial Union | CLE169011027 |
| 1/1/65 to 1/1/66 | Commercial Union | CLE169011040 |
| 2/1/66 to 1/1/67 | INA | LAB16378 |
| 1/1/67 to 1/1/69 | INA | LAB21602 |
| 1/1/69 to 12/31/72 | INA | LAB21649 |
| 1/1/73 to 1/1/74 | Hartford | 10CB41200E |
| 1/1/74 to 1/1/75 | Hartford | 10CB41213E |
| 1/1/75 to 1/1/76 | Hartford | 10CB41224E |
| 1/1/76 to 1/1/77 | Liberty Mutual | LG1632004009106 |
| 1/1/77 to 1/1/78 | Liberty Mutual | LG1632004009107 |
| 1/1/79 to 1/1/80 | Northwestern | CLA791772 |
| 1/1/80 to 1/1/81 | Northwestern | CLA210031 |

| | | |
|---|---|---|
| 1/1/81 to 1/1/82 | Northwestern | CLA220405 |
| 1/1/82 to 1/1/83 | Northwestern | CLA228325 |

## EXHIBIT B

## Excess Liability Policies for Ingersoll

| TERM | CARRIER | POLICY NO. |
|---|---|---|
| 8/5/54 to 1/1/61 | General Reinsurance | X2420 |
| 12/31/60 to 10/15/62 | Continental Casualty | Unknown |
| 10/15/62 to 1/1/66 | Home | HEC9543191 |
| 1/1/66 to 1/1/69 | Home | HEC9544890 |
| 1/1/69 to 1/1/72 | Home | HEC966436 |
| 1/1/72 to 1/1/75 | Home | HEC4344563 |
| 2/15/72 to 1/1/75 | Lloyds | 20770510000 |
| 2/15/72 to 1/1/75 | Lloyds | 20770520000 |
| 1/1/75 to 1/1/78 | Lloyds | 5077051 |
| 1/1/78 to 1/1/79 | Lloyds | 8727341 |
| 1/1/79 to 1/1/80 | Lloyds | 97346110 |
| 1/1/80 to 1/1/81 | Lloyds | 50980DD260 |
| 1/1/81 to 1/1/82 | Lloyds | PY000281 |
| 1/1/82 to 1/1/83 | Lloyds | KY001182 |

| | | |
|---|---|---|
| 1/31/75 to 1/1/76 | Allstate | 63-300-039 |
| 1/1/76 to 1/1/77 | Allstate | 63-300-039 |
| 1/1/77 to 1/1/78 | Allstate | 63-002-598 |
| 1/1/78 to 1/1/79 | Allstate | 63-003-805 |
| 1/1/79 to 1/1/80 | Allstate | 63-003-805 |
| 1/1/80 to 1/1/81 | Allstate | 63-003-805 |
| 1/1/81 to 1/1/82 | Allstate | 63-006-206 |
| 1/1/82 to 1/1/83 | Allstate | 63-008-325 |
| 1/1/83 to 1/1/84 | Central National | XUL231700 |
| 1/1/84 to 1/1/85 | Central National | XUL231700 |
| 1/1/85 to 1/1/86 | Employers of Wausau | 5736-00-102-563 |